HIRSCH, FLEXNER & CO. *v.* W. M. BOURNE, &c.

**Executions—Levy—Priority.**

> Two execution creditors levied on and sold the same property of defendant Bourne. Appellant creditor, filed suit, charging improper motives, etc., of the other execution creditor. On motion of defendant, the sale under execution of appellant was set aside, April 6, 1869, and the sale under the execution of the other creditor was set aside April 14, 1869. Appellants filed an amended petition alleging that by virtue of their said levy, they acquired a lien on the property. The other creditor, Bourne, denying this lien by answer, set forth claim by virtue of levy of execution on same property at a different time, for another and different debt. **Held** under, volume 1, Sess. Acts 1867-8, p. 18, amending section 1, art. 16, ch. 36, Rev. St., appellant's lien, acquired by his levy, was not affected by the quashal of the sale thereunder.

APPEAL FROM HENRY CIRCUIT COURT.

February 7, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

Appellants having an execution against the estate of appellee,

Rowlett, and the same having been levied on a lot of ground on which a saw-mill was located and on another lot and warehouse, at the sale thereof by the sheriff, became the purchasers, and appellee, Bourne, also having a judgment and execution against Rowlett, his execution was levied on the same property, and it was sold under his execution when he also became the purchaser thereof.

The petition in this case was filed by appellants on the 1st of December, 1868, against Bourne and Rowlett, setting out the foregoing facts, and also charging that the judgment upon which Bourne's execution issued was for $1,250, with interest from the 23d of August, 1864, credited by $1,340, of date January 4th, 1867, and that the credit for said sum was entered on the execution when it issued on said judgment, that after it was placed in the hands of the sheriff thus credited the plaintiff and defendant therein, with the fraudulent intent to prefer the plaintiff and to prevent appellants from making their debts, Rowlett being insolvent, took the execution from the sheriff and erased the credit therefrom, and when the property was sold under said *fi fa* Bourne claimed that the amount bid and paid by him therefor was the $1,250, with interest from the 23d of August, 1864, and costs without any credit. Appellants charge that the erasure was made by the parties to give to Bourne an unlawful advantage and to defraud them. They pray that the incumbrance thrown on the property by the fraudulent conduct of Bourne and Rowlett may be removed, and that the title and possession of the property be adjudged to them. The erasure of the credit from the execution is admitted by appellees, but they deny that it was done by them, and say the attorney of Bourne did it without the authority to do so from either of them, and deny that it was done with any improper motive or purpose.

On the 6th of April, 1869, on motion of Rowlett, and on grounds set forth in his notice to appellants of said motion, the sale under their execution was adjudged invalid, and was set aside by the Henry circuit court. And on the 14th of the same month, the court, on motion of Rowlett against Bourne, quashed Bourne's execution, and the sale made of said lots under and by virtue of said execution.

After this was done appellants amended their petition, alleging the foregoing facts, that by virtue of the levy of their execution they had acquired a lien on the property for their debt, and pray

that the same may be subjected and that their lien be adjudged prior to any that Bourne might attempt to assert.

Bourne answered the amended petition; denied that appellants had any lien on the property, and then asserted claim to it by virtue of a levy of an execution issued on another judgment in his favor against Rowlett, it being different from the one on which the former execution issued, and a sale of the same under said execution after the former execution and sale had been quashed.

On final hearing the court below dismissed appellants' petition, and they have appealed to this court.

We are satisfied that under the act approved February 18, 1868, entitled An Act to amend section 1, article 16, chapter 36, of the Revised Statutes, appellants' lien on the property acquired by virtue of the levy of their execution was not affected by the quashal of the sale thereunder, but the same was effectual to secure the lien. *1 Volume Sess. Acts, 1867-8, page 18.*

And although appellants had a right under said act to issue their *vinditioni exponas,* still, as Appellee Bourne's claim was an impediment when they filed their original petition, which they had a right to have removed, they could properly appeal to the chancellor to remove it, and being in that court the chancellor should have proceeded to settle the conflicting claims on equitable principles.

From the foregoing view it is obvious that whatever right Bourne may have acquired by the levy of his amended execution it was subordinate to the prior lien of appellants, and should yield to it.

Wherefore, the judgment must be reversed and the cause remanded, with directions to the court below to order a sale of so much of the lots with the improvements in Lockport on which appellants' execution was levied by the sheriff of Henry county, and which were sold by him, the sale to be made according to chancery rules, and the same reported to the court.

Affirmed on the cross-appeal.

The CHIEF JUSTICE did not sit.

*Webb & Barbour, for appellants.*
*Drane, for appellee.*